CV 13 - 0620

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SAMIA SERTIAL,

                        Plaintiff,                           **COMPLAINT**

-against-                                       JURY TRIAL DEMANDED

THE CITY OF NEW YORK, DANNY LEE,           MATSUMOTO, J.
And, JOE CHEN,

                        Defendants.                      REYES, M.J
-----------------------------------------------------------------x

Plaintiff, SAMIA SERTIAL by and through her attorneys, **THE LAW OFFICE OF SCOTT G. CERBIN, ESQ., PLLC**, complaining of the Defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the Plaintiff seeks relief for the Defendant's violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments. The Plaintiff seeks damages, both compensatory and punitive damages, affirmative equitable relief, an award of costs and attorney's fees, and such other and further relief as this court deems just and equitable.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981 and 1983.

3. Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. § 1391 (a), (b) and (c).

1

## PARTIES

4. Plaintiff Samia Sertial is 54 years old and at all times hereinafter mentioned was and still is a citizen of the United States residing in the State of New York and the County of Kings. She is of Arab American ancestry.

5. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

6. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

7. Defendants LEE and CHEN are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of Defendant THE CITY OF NEW YORK. Defendants LEE and CHEN are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of

their lawful functions in the course of their duties. Defendants LEE and CHEN are sued individually.

## STATEMENT OF FACTS

10. On or about March 24, 2012 at approximately 11:30 a.m. in the County of Kings, Plaintiff Samia Sertial was confronted by an irate young Asian woman later identified as Hye Ran Ko. Apparently Ms. Ko believed that Mrs. Sertial had pulled into a parking space for which Ko had been waiting and/or thought she had a superior claim to. Mrs. Sertial was attempting to park so that she could do some grocery shopping at a market located at 5915 Fort Hamilton Parkway.

11. Mrs. Sertial, not wanting problems, immediately pulled out of the parking space and parked across the street. When Mrs. Sertial returned to enter the market Ms. Ko ran up to her and started screaming at her in a foreign language (perhaps Korean). She also held up her cell phone. Mrs. Sertial walked away from Ms. Ko as she believed the woman was mentally unsound.

12. Minutes later the police arrived and Police Officer Danny Lee advised Mrs. Sertial that she was being arrested for assault and criminal mischief. Apparently Ko or some other third party alleged that Mrs. Sertial struck Ko's cell phone out of her handing thereby assaulting Ko and causing damage to the phone.

13. Lee never asked Sertial for her version of the events even though it was patently obvious that she was disabled and had difficulty walking. Further, Lee cursed at Mrs. Sertial, who at this point was hysterically crying, and violently forced her into the back seat of his patrol car and forcibly lifted her limp leg. When she cried out in pain

3

pain Lee told her to "stop faking". Sergeant Chen failed to intervene in Lee's improper conduct and apparently signed off on the illegal arrest.

14. Mrs. Sertial was then taken to the 66th Precinct in handcuffs where she was fingerprinted and detained for several hours.

15. As a result of the assault and battery Mrs. Sertial had to receive medical attention on March 27, 2012 and April 17, 2012, including a pain reducing shot of Synfix. This was the first time she required pain medication in five (5) years.

16. Ms. Ko never signed a the criminal complaint and thus the criminal case was dismissed on July 26, 2012. It is unclear if any non-hearsay information was ever relayed to Defendant Lee by Ms. Ko because Ko did not speak English. Further, it was obvious that Mrs. Sertial could not physically have done what was alleged in the complaint. Thus, Plaintiff submits that there was no probable cause to arrest her and that based upon Lee's bizarre obscenity laced and violent behavior it seems he arrested Plaintiff solely out of malice.

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of federal civil rights under the United States Constitution and 42 U.S.C §§ 1981 and 1983)

17. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

18. By their conduct and actions in arresting, imprisoning, physically assaulting, failing to intercede on behalf of Plaintiff and in failing to protect her from the unjustified and unconstitutional treatment she received at the hands of other Defendants, Defendants LEE and CHEN, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a

4

reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of the Plaintiff's constitutional rights as guaranteed under 42 U.S.C. §§ 1981 and 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

19. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SECOND CAUSE OF ACTION
(False arrest and false imprisonment)

20. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

21. By the actions described above, Defendants LEE and CHEN falsely arrested or caused to be falsely arrested Plaintiff without reasonable or probable cause, illegally and without a warrant, and without any right to do so. The acts and conduct of the Defendants were the direct and proximate cause of the injury and damage to the Plaintiff and violated her rights as guaranteed by the Fourth Amendment of the United States Constitution.

22. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A THIRD CAUSE OF ACTION
(Liability of Defendant the City of
New York for Constitutional Violations)

23. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

24. At all times material to this complaint, Defendant THE CITY OF NEW YORK, acting through its police department, and through Defendants LEE and CHEN had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

25. At all times material to this complaint, Defendant THE CITY OF NEW YORK, acting through its police department, and through Defendants LEE and CHEN had de facto policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual Defendants' supervisors of their need to train, screen, supervise or discipline said Defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

26. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Excessive Force)

27. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

28. By his conduct in forcibly placing the disabled Plaintiff in his patrol car Defendant Lee used excessive force thereby violating her rights guaranteed by the Fourth Amendment.

29. As a result of the foregoing, Plaintiff suffered great humiliation, physical pain, costs, and expenses, and was otherwise damaged and injured.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Prosecution)

30. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

31. Defendants LEE and CHEN maliciously prosecuted the Plaintiff. The acts and conduct of the Defendants were the direct and proximate cause of emotional and financial injury to the Plaintiff and violated her statutory and constitutional rights.

32. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the individual Defendants:

  a. Compensatory damages;

  b. Punitive damages;

  c. The convening and empanelling of a jury to consider the merits of the claims herein;

  d. Costs and interest and attorneys' fees;

  e. Such other further relief as this court may deem appropriate and just.

Dated: Brooklyn, New York
November 19, 2012

                    Respectfully submitted,

                    SCOTT G. CERBIN, ESQ., PLLC
                    Counsel for the Plaintiff

                    By: Scott G. Cerbin (SC5508)
                    16 Court Street, Suite 2901
                    Brooklyn, NY 11241
                    (718) 596-1829